Eric M. Poulin (CA Bar No. 298476)
eric@akimlawfirm.com
Roy T. Willey IV*
roy@akimlawfirm.com
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, South Carolina 29403
Tel.: 843-614-8888

John C. Bohren (CA Bar No. 295292)
yanni@bohrenlaw.com
**BOHREN LAW OFFICES**
501 West Broadway Suite 800
San Diego, California 92101
Tel.: 619-433-2803

*Counsel for Plaintiff and the Proposed Classes*

*\* Admitted Pro Hac Vice*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| NOAH RITTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and JANET NAPOLITANO, individually and in her capacity as President of THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendants. | Case No. 3:20-CV-02925-SK<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Hon. Mag. Sallie Kim<br><br>Date:  October 5, 2020<br>Time:  9:30 a.m.<br>Courtroom:  C, 15th Floor |

**PARTIES' INITIAL JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Civil Local Rule 16-9 and the Standing Order For All Judges of the Northern District of California on Contents of Joint Case Management Statement, Plaintiff Noah Ritter ("Plaintiff") and Defendants The Regents of the University of California and Janet Napolitano

CASE MANAGEMENT STATEMENT; CASE NO. 3:20-CV-02925-SK

1  (collectively, "Defendants"), by their undersigned counsel (collectively the "Parties"), submit their initial Joint Case Management Statement and mutually state as follows:

    1. **Jurisdiction and Service.**

Plaintiff's Statement:

The Court has original jurisdiction over this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 2201, and 2202.  This action arises under the "Takings Clause" of the Fifth Amendment to the United States Constitution, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Both Defendants have been served.

Defendants' Statement:

Defendants maintain that The Regents and President Napolitano are generally immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution, neither is a person under Section 1983, and their claims do not satisfy the *Ex parte Young* exception.  Defendants have specially appeared in the action for the purpose of raising their jurisdiction and immunity challenges in the pending Motion to Dismiss First Amended Complaint.  *See* Dkt. 22, Case No. 3:20-cv-2925 ("Motion to Dismiss").

    2. **Facts.**

Plaintiff's Statement:

Plaintiff is a student who enrolled at UC Berkeley for the Spring 2020 term.  Plaintiff alleges that he and other students at campuses across the University of California system were required to pay mandatory charges[1] to the University of California for each term, which were earmarked for specified services, materials, and facilities for the Spring 2020 academic semester, term, or quarter[2].

---

[1] "Mandatory charges," as referred to herein, encompass "Tuition , the Student Services Fee, Nonresident Supplemental Tuition, Professional Degree Supplemental Tuition, and charges for self-supporting graduate professional degree programs . . . [as well as] compulsory campus-based fees . . ." (and any other required charges) Letter from Paul Jenny, Interim EVP-CF, Univ. of Calif., to Chancellors (March 25, 2020) available at
https://ehs.ucr.edu/sites/g/files/rcwecm1061/files/2020-03/032520_Letter%20re%20Assessment%20of%20Tuition%20and%20Fees%20During%20COVID-19%20CRISIS.pdf.

[2] For purposes of this Case Management Statement, "semester" also encompasses "term" or "quarter" and means any academic period for which Plaintiff and the other members of the

Plaintiff seeks to certify "The Tuition Class" and "The Fees Class" on behalf of all people who paid mandatory charges for or on behalf of themselves or other students enrolled in classes at any University of California campus for the Spring 2020 term, including students and/or their families or guardians who paid Mandatory charges.

Due to the COVID-19 pandemic, all of the University of California campuses were effectively closed, yet Defendants refused to provide Plaintiff and other members of the putative Classes with refunds of the fees that they paid for services, materials, and facilities.  As a result of this conduct, Plaintiff contends that Defendants have unlawfully seized and retained his property and that of the other members of the putative Classes (*i.e.*, their mandatory charges) and are withholding that property without due process and just compensation.  Plaintiff also alleges that Defendants breached contracts that provided that Plaintiff and the other members of the putative Classes would pay the cost of mandatory fees and tuition and, in exchange, Defendants would provide the paid for services; that Defendants were unjustly enriched by retaining Plaintiff and other members of the putative Classes' property without providing the paid for services; and that Defendants converted that property.  Finally, Plaintiff seeks a declaration of his and the other members of the putative Classes' rights to disgorgement and return of either their property, or the return of the reasonable value thereof and an injunction requiring Defendants to comply with the law and return Plaintiff and other members of the putative Classes' property to them.

Defendants' Statement:

Defendants have moved to dismiss the action based on, *inter alia*, the Eleventh Amendment. If Defendants are eventually required to answer Plaintiff's complaint, they will deny the allegations of the First Amended Complaint and assert appropriate affirmative defenses.  Defendants further incorporate by reference the factual and procedural history set forth in Defendants' Motion to Dismiss.

---

Proposed Classes paid Mandatory charges but experienced a loss of services because of COVID-19.

3. **Legal Issues.** Disputed points of law include:

   a. Whether Plaintiff and other members of the putative Classes have a property right in their mandatory charges under either the common law or the Constitution;

   b. Whether Defendants unlawfully seized and retained Plaintiff's and other members of the putative Classes' property without notice and due process in violation of the California Constitution, Article I, §§ 7, 19, and 20, and the Fifth and Fourteenth Amendments to the United States Constitution;

   c. Whether contracts existed between Defendants (or their constituent campuses) and Plaintiff and other members of the putative Classes;

   d. Whether Defendants breached those contracts by allegedly ceasing to provide the bargained and paid for services;

   e. Whether Defendants were unjustly enriched by allegedly retaining Plaintiff's and other members of the putative Classes' mandatory charge payments without providing the services for which those payments were made;

   f. Whether Defendants converted Plaintiff's and other members of the putative Classes' members' property;

   g. Whether either Defendant is entitled to immunity from Plaintiff's claims;

   h. Whether injunctive and declaratory relief is appropriate; and

   i. Whether Plaintiff can satisfy the requirements for certification of a class pursuant to Fed. R. Civ. P. 23.

By including these issues in the joint statement, the Parties do not concede their relevance to the action. The Parties reserve the right to revise or supplement this list.

Defendants also have identified the following legal issues in their pending Motion to Dismiss:

   a. Whether The Regents is as an arm of the state entitled to immunity from suit in federal court under the Eleventh Amendment to the United States Constitution;

b. Whether The Regents is a "person" subject to suit within the meaning of 42 U.S.C. section 1983;

c. Whether President Napolitano is a state official who, acting in her official capacity, is entitled to immunity from suit in federal court under the Eleventh Amendment to the United States Constitution;

d. Whether President Napolitano is a "person" subject to suit within the meaning of 42 U.S.C. section 1983;

e. Whether Plaintiff has advanced claims against President Napolitano in her personal capacity and, if so, whether she is entitled to qualified immunity;

f. Whether Congress has abrogated The Regents' or President Napolitano's immunity under the Eleventh Amendment to the United States Constitution pursuant to its legislative powers;

g. Whether the Court has discretion to exercise supplemental jurisdiction over the ancillary state law claims;

h. Whether Plaintiff and the other members of the putative Classes seek equitable relief and have a property right in their fee payments under either the common law or the Constitution;

i. Whether Plaintiff's Section 1983 claims under the Fifth and Fourteenth Amendments to the United States Constitution should be dismissed because a breach of contract suit adequately protects their alleged property rights;

j. Whether Plaintiff's conversion claim should be dismissed because there is no intentional tort or identifiable sum;

k. Whether Plaintiff's unjust enrichment claim is not cognizable under California law;

l. Whether Plaintiff fails to state a viable claim for breach of contract; and

m. Whether Plaintiff's claims for "Injunction" and "Attorney Fees" are remedies, and not causes of action.

4.   **Motions.**

The following substantive[3] motions have been filed in the case[4]:

    a.  Defendants' Motion to Dismiss (Dkt. No. 16).  This Motion became moot based on Plaintiff's filing of the First Amended Class Action Complaint ("Complaint").

    b.  Defendants' Motion to Dismiss First Amended Complaint (Dkt. No. 22).  The Motion is fully briefed (*see* Dkt. Nos. 27, 29, 33).  A hearing is set for October 5, 2020 at 9:30 a.m.

The Parties anticipate filing the following motions:

    a.  At an appropriate time, Plaintiff will move for class certification pursuant to Fed. R. Civ. P. 23.  Defendants maintain this action is not suitable for class certification and will oppose any such motion.

    b.  If this case proceeds, Defendants intend to file a motion for summary judgment. Plaintiff has not yet determined whether he will file a motion for summary judgment.

5.   **Amendment of Pleadings.**  Pursuant to Rule 15, the Parties agree that a moving Party may amend the pleadings only with the opposing Party's written consent or with leave of Court. Defendants' Motion to Dismiss the First Amended Class Action Complaint is pending before the Court and will be heard on the same date as the initial Case Management Conference, *i.e.*, October 5, 2020.  Plaintiff, through the motion papers, has identified several areas for potential amendment

---

[3] This does not include routine motions including motions for *pro hac vice*, for submission of additional briefing in connection with Defendants' Motion to Dismiss, or for extensions of time.

[4] Plaintiff filed a motion jointly with the Plaintiff in the case of *Brandmeyer v. The Regents of the University of California*, Case No. 3:20-CV-02886-SK. Plaintiff's Joint Motion for Consolidation, Bifurcation, and Appointment of Interim Class Counsel for the Fee Track and the Tuition Track (Dkt. 15 of the *Brandmeyer* case).  The Motion is fully briefed (*see* Dkt. Nos. 19, 20, 24 of the *Brandmeyer* case), but no decision has been entered pursuant to the Parties' discussion with Judge Kim on the record, wherein Judge Kim indicated that the Motion will be addressed following resolution of Defendants' dismissal motion.

and asks that if Defendants' dismissal motion is granted, in whole or in part, he be given leave to further amend his complaint.

6. **Evidence Preservation.** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will continue to confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action and other ESI discovery matters.

7. **Disclosures.**

Plaintiff's Proposal:

Plaintiff proposes exchanging the information required by Fed. R. Civ. P. 26(a)(1) within twenty-one days after this report is filed.

Defendants' Proposal:

Defendants propose that the parties await a ruling on their pending Motion to Dismiss and exchange the information required by Fed. R. Civ. P. 26(a)(1) within twenty-one days after the Court's decision on that motion.

At this time, the Parties do not foresee a need to change the form or requirement for their Rule 26(a) disclosures. The Parties will not file with the Court their Rule 26(a) disclosures, nor will they file with the Court their notices of depositions, interrogatories, requests for production, requests for admission, and/or responses thereto except on Order of the Court, or as supporting exhibits to a motion or at trial.

8. **Discovery.**
   a. No discovery has been taken to date.

      Defendants believe that any discovery in this case is premature and should be stayed pending resolution of Defendants' Motion to Dismiss and any forthcoming motion to dismiss, should Plaintiff be granted leave to further amend his Complaint (as requested in section 4 above and in Plaintiff's Opposition to the Motion to Dismiss). Defendants believe Plaintiff's First

Amended Complaint is likely to be dismissed on any one of a number of bases, *inter alia*, Defendants' general immunity from suit in federal court under the Eleventh Amendment, which would dispose of the entire action and eliminate the need for any discovery, and as such, good cause exists to stay discovery until such time as Plaintiff files claims that can withstand a motion to dismiss. *See Song Fi, Inc. v. Google, Inc.*, No. 4:14-cv-5080-CW, 2016 WL 9185325, at *1 (N.D. Cal. Apr. 27, 2016) (staying discovery pending motion to dismiss and citing other cases that did the same); *Hall v. Tilton*, No. 5:07-cv-3233-RMW, 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying discovery where defendants' "motion to dismiss, if meritorious, will dispose of the entire case" and where there was "no dispute that, should the motion be granted, any discovery request would be moot").

Plaintiff intends to seek discovery relating to Defendants' response to the COVID-19 pandemic; Defendants' analysis and any communications or reports (internal or external) concerning COVID-19; the fees and costs paid by students for spring 2020 at the campuses, as well as Defendants' defenses to the claim that Plaintiff's and the other members of the putative Classes' property must be returned; and any complaints or communications Defendants received concerning their response to COVID-19, including their policies and decisions not to refund fees and tuition to students.

In the event this case remains in federal court, Defendants will seek discovery concerning, *inter alia*, Plaintiff's use of campus facilities and resources before and after the start of the COVID-19 pandemic; communications Plaintiff sent and received concerning the COVID-19 pandemic, the transition to remote learning, and the payment of fees and costs; whether Plaintiff matriculated knowing that the Spring 2020 Quarter would be remote due to the COVID-19 pandemic; the fees and costs paid by Plaintiff for the Spring 2020 Quarter;

Plaintiff's curriculum and course of study and any impact thereto by the transition to remote learning; Plaintiff's claims for damages; costs associated with the transition to and provision of remote learning options; and discovery relating to Plaintiff's request for class certification.

b. Discovery will be conducted in accordance with the Federal Rules of Civil Procedure, and the Parties will work in good faith to narrow and focus the scope of discovery to minimize the burden of discovery on the Parties and on any third parties. The Parties anticipate that they will exchange written discovery requests (interrogatories, requests for production, and requests for admission), and that they will take depositions of the Parties and may issue third-party subpoenas for documents and/or depositions.

c. At this time, the Parties do not request that the limitations imposed upon discovery by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California be changed or that additional limitations upon discovery be imposed. However, Defendants reserve the right to seek leave of Court to depose Plaintiff Noah Ritter beyond the seven-hour limit imposed by Rule 30(d)(1) if further investigation and discovery establish that a longer time limit is appropriate or necessary. Defendants also reserve the right to seek leave of the Court to go beyond the ten (10) deposition limit imposed by Rule 30(a)(2)(A) depending on the number of members of the putative Classes declarations Plaintiff submits. A Party seeking to expand any of the limitations on discovery will first try to reach agreement with the opposing Party, and, if an agreement cannot be reached, will file an appropriate motion with the Court. The Parties will defer to the Court's order(s) related to the timing for completion of discovery. The Parties intend to enter into a stipulated e-discovery order and a stipulated protective order. As encouraged by this Court's Standing Order,

        the Parties will endeavor to use the Northern District's model protective order, to the extent a protective order is deemed necessary.

    d. The Parties propose the following discovery plan pursuant to Fed. R. Civ. P. 26(f):

        i. <u>Deadline for Completing Discovery</u>. Initial fact discovery deadline of October 22, 2021, with all written fact discovery to be served no later than 45 days before the initial fact discovery deadline. The Parties propose an additional discovery period to complete any outstanding expert discovery, beginning 21 days after the Court rules on class certification or 21 days after the United States Court of Appeals for the Ninth Circuit adjudicates a Party's Rule 23(f) petition (and subsequent appeal, if it grants the Rule 23(f) petition), whichever is later, with that discovery period closing 90 days after it begins. If an appeal is taken under Rule 23(f), the Parties agree—subject to Court approval—to stay all remaining deadlines and the Court's ruling on motions for summary judgment pending the outcome of the Rule 23(f) petition and any appeal.

        ii. <u>Expert Witnesses</u>.

*Class Issues*: Plaintiff will identify any experts and provide any expert reports relating to class certification issues on or before the date that he files his motion for class certification. Defendants will identify any experts and provide any expert reports relating to class certification issues, at the time they file their response to Plaintiff's motion; and Plaintiff will identify rebuttal experts and provide rebuttal expert reports with his Reply brief  The Parties will complete expert depositions on class certification issues within 45 days after Plaintiff files his Reply

brief, to the extent that experts are not deposed prior to the time for filing the responsive and reply briefs.

*Liability and Damages Issues*: The parties will identify expert witnesses and provide any expert reports on liability and damages issues for which a party bears the burden of proof on or before 30 days after the start of the second discovery period that is to commence after the class certification ruling. If necessary, the Parties will identify rebuttal expert witnesses and provide their reports within 30 days after the date that liability and damages expert witnesses are identified, and reports provided. All liability and damages expert witness depositions, if any, must be completed within 21 days after rebuttal experts are identified and their reports provided.

9. **Class Actions.**

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiff intends to seek certification of this case as a class action, as described herein, including seeking an order certifying the class, appointing the undersigned counsel as class counsel, and appointing Plaintiff as the class representative. Plaintiff will file his motion for class certification on or before November 29, 2021. Defendants will file their Response within 60 days of when Plaintiff files his motion, and Plaintiff will file his Reply within 30 days of when Defendants file their Response.

Defendants further state that Defendants expressly maintain that this matter is not appropriate for class certification for numerous reasons. Plaintiff's class allegations involve multiple individualized issues. There also are numerous typicality, predominance, and superiority issues that preclude class treatment in this action. Defendants will oppose class certification under Fed. R. Civ. Proc. 23 and reserve the right to file a motion to strike class allegations.

10. **Related Cases.** This case is related to *Brandmeyer v. The Regents of the University of California*, Case No. 3:20-CV-02886-SK.[5] The *Brandmeyer* case arises out of the same transaction or event as this case—the University of California's shift to online instruction and closure of certain campus facilities as a result of the COVID-19 pandemic—and also seeks the return of pro-rated amounts of monies that the plaintiff paid for various services and activities that Defendants have not reimbursed. Once Defendants' motion to dismiss is resolved, Plaintiff will renew his motion to consolidate and appoint interim class counsel.

11. **Relief.** Plaintiff seeks the relief set forth in the Complaint, including an order:

   a. Certifying the Classes, designating Plaintiff as class representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

   b. Declaring that Plaintiff and the other members of the putative Classes members have a common law property interest in that portion of the prepaid mandatory fees for which they received no benefit;

   c. Declaring that Defendants seized and retained Plaintiff's and the other members of the putative Classes' property interest in the mandatory fees without notice and due process in violation of the California Constitution, Article I, §§ 7, 19, and 20, and the United States Constitution, Fifth and Fourteenth Amendments;

   d. Declaring that Defendants are financially responsible for notifying the members of the putative Classes of the pendency of this suit;

   e. Granting restitution and disgorgement of Plaintiff's and the other members of the putative Classes' property to them, in the form of an order requiring Defendants to refund the mandatory fees taken from Plaintiff and other members of the putative Classes that Defendants obtained by engaging in conduct that violates the State and Federal Constitutions;

---

[5] In addition to the *Brandmeyer* and *Ritter* cases pending in this Court, there are six related class actions pending in California state court: *Stoffel v. The Regents of the University of California*, Case No. 20STCV14991, filed April 16, 2020; *Funkhouser v. The Regents of the University of California*, Case No. RG20061076, filed May 12, 2020; *Mueller v. The Regents of the University of California*, Case No. 20-CIV-01942, filed May 6, 2020; *Lee v. The Regents of the University of California*, Case No. RG20062491, filed May 28, 2020; *Yoo v. The Regents of the University of California*, Case No. 30-2020-01140827-CU-BC-CXC, filed May 26, 2020; and *Mockler v. The Regents of the University of California*, Case No. 20STCV26547, filed July 10, 2020. The state court cases are being coordinated in Los Angeles County Superior Court.

      f. Entering a permanent injunction restraining Defendants from engaging in future unlawful and/or improper seizures of the students' money, as alleged in this Amended Complaint;

      g. Awarding statutory relief, to the maximum extent allowed, on the bases to be proven at trial;

      h. Awarding Plaintiff his reasonable attorneys' fees, costs, and expenses; and

      i. Awarding such other and further relief as may be just and proper.

Defendants deny that any relief is appropriate or that Plaintiff can establish a class-wide basis for awarding restitution. Defendants reserve all of their defenses and any right to recover remedies available to them, including attorneys' fees and costs. At this time, without the benefit of fact and expert discovery, Defendants are not yet in a position to describe the bases on which damages should be calculated if liability is established.

12. **Settlement and ADR.** The Parties have filed their respective ADR Certification by Parties and Counsel (Dkt. Nos. 36, 37) and prefer to discuss ADR selection with Judge Kim during the case management conference.

13. **Consent to Magistrate Judge for all Purposes.** Both Plaintiff and Defendants have consented to proceed before the Magistrate Judge for all purposes (Dkt. Nos. 12, 15).

14. **Other References.** The Parties do not believe that reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation is appropriate at this time.

15. **Narrowing of Issues.** The Parties have not determined appropriate methods to narrow the issues at this time. However, following resolution of Defendants' Motion to Dismiss, they intend to revisit this topic and will propose appropriate ways to narrow the issues in subsequent case management statements, as appropriate.

16. **Expedited trial Procedures.** The Parties do not agree to expedited trial.

17. **Scheduling.**

    a. Proposed dates for designation of experts, discovery cutoff, and class certification briefing are separately discussed herein. For ease of reference, the parties summarize those proposed dates here[6]:

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Initial disclosures | 21 days after filing of this report | 21 days after the Court's decision on the pending Motion to Dismiss |
| Last day to serve written fact discovery | 45 days before fact discovery deadline | |
| Initial fact discovery deadline | October 22, 2021 | |
| Motion for class certification, and any expert reports in support of class certification | On or before November 29, 2021 | |
| Opposition to class certification, and any expert reports in opposition to class certification | 60 days from filing of motion | |
| Reply in support of class certification, and any rebuttal expert reports | 30 days from filing of response | |

---

[6] Defendants' scheduling proposal, in part, accounts for the fact that if the *Brandmeyer* case is consolidated with the *Ritter* case as Plaintiff proposes, then the parties to the consolidated action will address both the fee claims asserted by Plaintiff Brandmeyer as well as the tuition claims asserted by Plaintiff Ritter. The scheduling proposal herein comports with the scheduling proposal in the *Brandmeyer* case.

| | |
|---|---|
| Last day to depose experts relating to class certification issues | 45 days from filing of reply |
| Beginning of additional discovery period | 21 days after the Court rules on class certification or 21 days after decision on Rule 23(f) petition |
| Close of additional discovery period | 90 days after additional discovery period begins |
| Opening expert reports on liability and damages issues for which a party bears the burden of proof | 30 days after the start of the additional discovery period |
| Rebuttal expert reports on liability and damages | 30 days after opening expert reports on damages issues |
| Last day to depose experts relating to liability and damages issues | 21 days after rebuttal expert reports on liability and damages |
| Last day to file summary judgment motions | 30 days after close of additional discovery period |
| Responses to summary judgment motions | 30 days after a motion is filed |
| Replies in support of summary judgment motions | 14 days after a response is filed |
| Trial | January 2023 |

b. <u>Deadline for Filing Dispositive Motions</u>. Defendants anticipate filing motions for summary judgment after the close of discovery. Plaintiff has not yet

determined whether he will file dispositive motions. The Parties propose filing summary judgment motions on or before 30 days after the close of the additional discovery period, with response briefs due 30 days after a motion is filed and reply briefs due 14 days after a response is filed.  The Parties shall notify the Court of their request for oral argument.

18. **Trial.**  The Parties believe that trial in this matter (anticipated to occur in January 2023) should be scheduled for 18-21 trial days.

19. **Disclosure of Non-party Interested Entities or Persons**.   The Regents is a corporation that administers the University of California as a public trust, pursuant to the California Constitution, art. IX, § 9.  No publicly held entity owns more than 10% of The Regents.  Other than the named parties, there are no associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy or in a party to the proceeding; and (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **Professional Conduct.**  All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 28, 2020

Respectfully submitted,

/s/ Roy T. Willey, IV
Roy T. Willey IV*
roy@akimlawfirm.com
Eric M. Poulin (CA Bar No. 298476)
eric@akimlawfirm.com
**ANASTOPOULO LAW FIRM, LLC**
32 Ann Street
Charleston, South Carolina 29403
Tel.: 843-614-8888

John C. Bohren (CA Bar No. 295292)
yanni@bohrenlaw.com
**BOHREN LAW OFFICES**

/s/ Karen G. Johnson-McKewan
Karen G. Johnson-McKewan
Randy Luskey
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building, 405 Howard Street
San Francisco, California 94105-2669
Tel.: 415-773-5700
kjohnson-mckewan@orrick.com
rluskey@orrick.com

| | |
|---|---|
| 501 West Broadway Suite 800<br>San Diego, California 92101<br>Tel.: 619-433-2803<br><br>*Counsel for Plaintiff and the Proposed Classes*<br><br>*Admitted *Pro Hac Vice* | William A. Molinski<br>**ORRICK, HERRINGTON &<br>SUTCLIFFE LLP**<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5855<br>Tel.:  213-629-2020<br>wmolinski@orrick.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I electronically filed the foregoing document with the Clerk of Court via the CM/ECF filing system, which will send notification of such filing to all CM/ECF-registered counsel of record in this matter.

/s/ Roy T. Willey, IV
Roy T. Willey, IV

CASE MANAGEMENT STATEMENT; CASE NO. 3:20-CV-02925-SK